Day, J.
The defendant, Frank Van Vorhis, was arrested under the provisions of the law relating to bastardy, in February, 1893, on complaint of the relator, Cora A. Stacy, an unmarried woman, and after examination, was recognized to the common pleas *240 court to answer the charge of being the father of the complainant ’s illegitimate child.
In the common pleas court, defendant filed an amended answer in writing to the charge preferred, showing, in substance, that in April, 1892, nearly a year before, the complainant had made the same complaint against him and procured his arrest on the same charge made in this proceeding; that he was taken before a magistrate, and that a compromise under the provisions of the statute had been made; that he had settled with the complainant and paid her to her complete and full satisfaction, which agreement was made before the magistrate, and was entered by the magistrate on his docket, had paid the costs of the proceeding and given bond to the state conditioned to save and protect the public from liability in the matter, and had been released from custody by the magistrate. A demurrer to the amended answer was overruled, and exceptions noted. The allegations in the answer were denied by a reply filed by the complainant.
The issues thus joined were tried to the court, a jury being waived by the parties, and resulted in the finding in favor of defendant. A motion for a new trial on the grounds, that the finding was not supported by the evidence and was contrary to law, was overruled, and judgment entered discharging defendant from custody. On request of complainant, the court made a finding of the facts, which, instead of the evidence, was embodied in a bill of exceptions, and thus brought before the court; and error is prosecuted here to obtain a reversal of the judgment of the common pleas court for errors said to be apparent in its record. There are a number of assignments for error in the petition in error, but they all raise the same question ; so the errors assigned and complained .of may be stated and disposed of as one proposition, namely: That the finding and judgment of the court in favor of defendant is not sustained by the facts found, and is contrary to law.
*241 The facts found by the court are, in substance, the facts as stated in the amended answer; that defendant had been complained against and arrested in April, 1892, on the identical charge upon which he was again arrested in this proceeding; that under the provisions of section 5617, Revised Statutes, authorizing a compromise by the parties, and bond to the state to save the county, township or municipal corporation within the state free from all charges for the maintenance of such illegitimate child, a compromise had been made by the parties, acknowledged before the magistrate; and bond given to the state of Ohio conditioned as the law requires; and the agreed amount,$175.00, was paid and received by the complainant, and the costs made before the justice prior to compromise with the defendant were paid, and the defendant was discharged. The compromise in respect to the sum to be paid complainant, and in every other respect, appears to have been just and reasonable, under the circumstances of the case, and was carried into effect with all the requirements of the statute at the time, and was noted on the justice’s docket, except the requirement of a bond; that was not complied with until someten months later, when the defendant, having been at liberty meanwhile, voluntarily returned into custody, surrendered himself to the jurisdiction of the magistrate, and with his sureties executed the required bond to the acceptance of the magistrate, which fact was noted on the docket by interlineation.
The bond itself is regular in form, and its conditions in accordance with the provisions of the statute, so that the essentials of the compromise, as stipulated in section 5617, were all present, and unless there be something in the mere matter of delay in executing the bond, to invalidate it, the first transaction, found as fact by the court, would fill all the requirements of the statute and be a complete bar to the second proceedings. The bond appears to have been executed by the principal and sureties in the utmost good faith and upon a good consideration, and we perceive nothing in the situation *242 and surroundings that leads us to the opinion that it is invalid and cannot be enforced in the event of a breach in its conditions. Invalidity of the bond is not suggested by the facts found. The delay in executing it is believed to be immaterial and not of essence, as the record shows it was given in pursuance of the provisions of law, in a compromise authorized and made in the proceeding of April, 1892. Even if invalidity of the bond is a question, it is not clear that complainant has such interest in the matter that she can raise the question in this or any other, proceeding. The compromises, settlement and payment of costs, and $175.00 to complainant, and received by her, was fair and reasonable, and contained not one element of fraud and unfairness, but was entirely just, and had the effect to extinguish her claims in the matter, and leave her in a position so that the subsequent proceedings could interest her no more. "When she accepted the $175.00, and it was fair and just, she realized finally on her claim, and her right of action was at an end. The only other interest to be cared for in the matter was the right of the public to be idemnified against a possible liability in the future, to be charged with the maintenance of the child. The duty of exacting the indemnity, was by the law, vested in the magistrate before whom the defendant was in custody, and as a condition precedent to an order discharging defendant from custody. After some delay this was done. The bond was given, and the record shows the fact. Prima facie, the bond, compromise, payment of costs and discharge of defendant was lawful. The first proceeding constitutes a bar to the second. According to the facts found and stated on the record, there was no error in the finding and judgment of the common pleas court, and the judgment is affirmed, with costs.
James & Beverstock, for plaintiff in error.
A. R. Campbell, for defendant in error.